UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| DOUGLAS COLEY, | Case No. 1:02-cv-457 |
| Plaintiff, | |
| vs. | OPINION & ORDER |
| | [Resolving Doc Nos. 113 & 114] |
| MARGARETY BAGLEY, WARDEN | |
| Defendant. | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In April 2010, this Court denied Douglas Coley's petition for habeas corpus under 28 U.S.C. § 2254.[1] He has since filed a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure requesting relief from that judgment.[2]

In response, the Defendant Warden contends that Coley's motion is really a second or successive § 2254 petition, which Coley may not file until he has received leave for such a successive petition from the Sixth Circuit.[3] She moves that Coley's self-styled Rule 60 motion be transferred to the Sixth Circuit for review.[4] Coley opposes.[5]

If a state prisoner files a second or successive § 2254 petition in this Court without first obtaining permission to do so from the Sixth Circuit, the Court must transfer that petition to the Sixth Circuit so that it may decide whether to authorize that petition.[6] The label that the prisoner puts on his district court filing does not matter: a filing that is labeled a Rule 60 motion but is actually a second or successive § 2254 petition must also be transferred.[7]

---

[1] Doc. 92.
[2] Doc. 113.
[3] Doc. 114; 28 U.S.C. § 2244(b)(3)(A).
[4] Doc. 114.
[5] Doc. 115.
[6] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).
[7] *See Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005).

A Rule 60 motion is in substance a § 2254 petition when it asserts a "claim" for relief from the prisoner's state conviction.[8] For example, a prisoner asserts a "claim" for relief when he (1) attempts to assert new grounds for relief that was not asserted in a earlier § 2254 petition, (2) seeks to present new evidence to support an argument that was asserted in an earlier petition, or (3) "attacks the federal [habeas] court's previous resolution of a claim *on the merits*."[9]

A motion is a true Rule 60(b)(6) motion if it instead "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[10] For instance, Rule 60 is a proper vehicle to challenge "a determination that a claim was time-barred or procedurally defaulted."[11]

It follows that, to the extent that Coley now seeks to assert new claims that were not presented in his original § 2254 petition, he asks this Court to authorize him to file a second or successive § 2254 petition. But this Court has no authority to do that; Coley must instead seek permission from the Sixth Circuit.[12] Likewise, to the extent that Coley has discovered new evidence or developed new legal theories in support of his original § 2254 claims, his motion must be directed to the Sixth Circuit.[13]

Finally, Coley's motion does challenge this Court's determination that several of the claims in his original § 2254 petition were procedurally defaulted.[14] This Court based its procedural default finding on Coley's failure to earlier-exhaust his state court remedies in state court.[15] He now claims that he failed to raise some or all of those claims only because his State post-conviction

---

[8] *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).
[9] *Id.* at 531–32 (emphasis in original).
[10] *Id.* at 532.
[11] *Sheppard v. Robinson*, 807 F.3d 815, 819 (6th Cir. 2015).
[12] 28 U.S.C. § 2244(b)(3)(A).
[13] *Id.*
[14] Doc. 113.
[15] Doc. 92 at 34–38.

counsel abandoned him and failed to file a state-post conviction motion.[16]

Ordinarily, a challenge to the Court's earlier finding of procedural default would be a true Rule 60(b)(6) motion.[17] However, this Court's earlier decision addressed the merits of nearly all of Coley's habeas claims notwithstanding his procedural default.[18] As a result, his present motion is, in substance, an attempt to re-litigate § 2254 claims that this court has already addressed. And for that he would need permission from the Sixth Circuit.[19]

The Court acknowledges that the opinion denying Coley's petition for habeas relief does not appear to have addressed the merits of a few of his original claims.[20] And if Coley were still pursuing those unaddressed claims, Rule 60(b)(6) relief might be warranted.[21] Coley's present motion, however, neither mentions those claims nor indicates that they are the basis for his request for relief.[22]

For those reasons, the Court **GRANTS** the Warden's motion and **ORDERS** that Coley's motion be transferred to the Sixth Circuit for review under 28 U.S.C. § 2244(b).

IT IS SO ORDERED.

Dated: November 29, 2017        *s/        James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[16] *E.g.* Doc. 113 at 1–2.
[17] *Sheppard*, 807 F.3d at 819.
[18] Doc. 92 at 44–88. *Cf.* Bryan A. Garner et al., *The Law of Judicial Precedent* 122 (2016) ("It is blackletter law that 'where a decision rests on two or more grounds, none can be relegated to the category of obiter dictum.'" (quoting *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949))).
[19] *See Gonzales*, 545 U.S. at 532.
[20] *Compare* Docs. 81, 84 *with* Doc. 92.
[21] *See Sheppard*, 807 F.3d at 819.
[22] Doc. 113 at 18–19.